UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X          Civil Action No. 21-cv-6880
THOMAS STRYSKA,

                              Plaintiff,                            **COMPLAINT**

        -against-

REYNOLDS TOWING AND MARINE SERVICE, INC.
D/B/A REYNOLDS TOWING COMPANY AND
MARINE SERVICE AND JAMES REYNOLDS,

                              Defendants.
---------------------------------------------------------X

        Plaintiff, on behalf of himself and all others similarly situated, by his attorneys, Bell Law

Group, PLLC, respectfully alleges upon knowledge as to himself and upon information and

belief as to all other matters, the following:

                              **NATURE OF THE ACTION**

        1.      This action is brought by Plaintiff pursuant to the Fair Labor Standards Act

("FLSA") and New York Labor Law ("NYLL"), on behalf of himself, and all others similarly

situated, to seek redress against Defendants for the systematic failure by Defendants to provide

the required overtimes wages and spread of hour wages and for the failure to provide wage

payment statements and wage theft prevention act notifications in violation of the FLSA and

NYLL.

        2.      Plaintiff worked for Defendants in various capacities including dispatching,

marketing and maintenance at their boat towing service and shipyard located at 121 Maple

Boulevard, Bayshore, New York, in the County of Suffolk, State of New York, from on or about

April 9, 2016, through in or around January of 2020. Throughout the majority of Plaintiff's

1

employment, Plaintiff was required to work a strenuous schedule greatly in excess of forty (40) hours per week for which Plaintiff did not receive any overtime compensation or spread of hour wages.

3.      Specifically, during the course of Plaintiff's employment, Plaintiff worked from 8:00 a.m. to 4:00 p.m., Monday through Friday, 9:00 a.m. to 3:00 p.m. Saturday, with corresponding and frequent overtime, and often Sundays and holidays for an approximate total of fifty (50) to fifty-five (55) hours per week. Plaintiff also worked in excess of ten (10) hours per day approximately three (3) times per week during the Defendants' busy season.  Throughout this period, Plaintiff was paid a flat hourly rate of twenty dollars ($20) per hour irrespective of the number of hours Plaintiff worked per week. Plaintiff was paid in check and no formal time system was in place to record Plaintiff's hours. At no time was Plaintiff paid overtime wages of one and one-half times the minimum wage rate for each hour worked in excess of forty (40) hours per week, spread of hour wages of one additional hour at the minimum wage rate for each shift in excess of ten (10) hours each workday, nor was Plaintiff provided with accurate wage payment statements or a wage theft prevention act notification at the time of hiring indicating Plaintiff's hourly rate of pay during the foregoing period.

## PARTIES

4.      Plaintiff was and still is a resident of the County of Nassau, State of New York.

5.      Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

6.      Defendant REYNOLDS TOWING AND MARINE SERVICE INC. was and still is a domestic business corporation organized and existing under and by virtue of the laws of the

2

State of New York.

7.      Defendant JAMES REYNOLDS was and still is a resident of the State of New York.

8.      Defendant JAMES REYNOLDS was and still is an officer, principal and/or manager of Defendant REYNOLDS TOWING AND MARINE SERVICE INC.  (hereinafter referred to as the "corporate Defendant").

9.      Defendant JAMES REYNOLDS was and still is in active control and management of the corporate Defendant, regulated the employment of persons employed by the corporate Defendant, acted directly and indirectly in the interest of corporate Defendant in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

10.      Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

12.      This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

13.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

14.     Defendants are the owners and operators of a boat towing company and shipyard located in Suffolk County in Bayshore, New York.

15.     Plaintiff worked for Defendants in various capacities including dispatching, marketing and maintenance at their boat towing service and shipyard located at 121 Maple Boulevard, Bayshore, New York, in the County of Suffolk, State of New York, from on or about April 9, 2016, through in or around January of 2020.

16.     For the majority of Plaintiff's employment Plaintiff worked at the Defendants' location at 121 Maple Avenue, Bayshore, New York, 11706.

17.     Upon information and belief, Defendants have employed dozens of workers at their location during the period of Plaintiff's employment.

18.     Plaintiff's duties included marketing the Defendants' company to local marinas and businesses, dispatching the tow operators to customers and performing general maintenance work around the Defendants' premises.

19.     During the course of Plaintiff's employment, Plaintiff worked from 8:00 a.m. to 4:00 p.m., Monday through Friday, 9:00 a.m. to 3:00 p.m. Saturday, with corresponding and frequent overtime, and often Sundays and holidays for an approximate total of fifty (50) to fifty-five (55) hours per week.

20.     Plaintiff was paid at a flat rate of $20 per hour for all time worked during the course of his employment with the Defendants, including for overtime hours worked.

21.     Plaintiff was paid via payroll check during his employment.

22.     At all relevant times, no formal time keeping system existed of recording and/or tracking the hours worked by Plaintiff during the course of his employment.

4

23.     During the relevant period of Plaintiff's employment, Plaintiff was paid a flat hourly rate of $20 per hour irrespective of the number of hours worked per week that did not contain overtime compensation for hours worked in excess of forty (40) hours per week and that did not provide spread of hour wages for shifts in excess of ten (10) hours in a workday.

24.     Moreover, Plaintiff was not provided with accurate wage payment statements reflecting Plaintiff's hourly overtime rate nor was Plaintiff provided with a wage theft prevention act notification at the time of hiring indicating Plaintiff's rate of pay or the basis thereof.

25.     At all relevant times, Defendant James Reynolds was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Defendants' company.

26.     At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

27.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States and New York State Department of Labor's regulations promulgated under the FLSA and NYLL.

28.     At all relevant times, Defendants employed more than ten (10) employees.

29.     Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate and/or Plaintiff's regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

30.     Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

31.     At no time during the relevant period was Plaintiff paid overtime wages of one and one-half times Plaintiff's regular hourly work rate of pay for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

32.     Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

33.     During the relevant period Plaintiff worked shifts in excess of ten (10) hours per day and was entitled to receive spread of hours wages.

34.     Throughout the relevant period Plaintiff's employment Plaintiff was not paid an additional hour's pay for every day that Plaintiff worked a shift in excess of ten (10) hours in violation of the NYLL and NYCRR.

35.     At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

36.     At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

37.     During Plaintiff's employment, Plaintiff was not provided with proper wage payment statements with the overtime rate of pay and was not provided with a wage theft

prevention action notice at the time of hiring reflecting the rate of pay and other required information in violation of the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

39. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

40. Plaintiff brings the FLSA claims on behalf of himself and others similarly situated, namely employees of Defendants who worked in marketing, maintenance and dispatching from the period of April 9, 2016 to the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who do not opt out of this action (hereinafter referred to as the "Reynolds Collective").

41. Upon information and belief, the Reynolds Collective consists of approximately twenty (20) similarly situated individuals who have not been paid overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

42. Defendants have failed to pay overtime to employees other than those in Reynolds Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

43. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

44.     Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

45.     Plaintiff and members of the Reynolds Collective defined above (collectively, "Reynolds Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including overtime wages, spread of hours wages, and failing to provide them with wage payment statements and hiring wage rate notifications.

46.     As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the Reynolds Group by violating the FLSA and/or the NYLL.

47.     Defendants have substantially benefitted and profited from the work that Plaintiff and Reynolds Group have performed.

48.     Defendants failed to keep any records of the hours worked by the Plaintiff and the Reynolds Group.

49.     Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

50.     Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

51.     Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Reynolds Group.

8

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Overtime under the FLSA)*

52.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

53.     At all relevant times, Plaintiff and the Reynolds Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e).

54.     At all relevant times, Defendants employed Plaintiff and the Reynolds Collective within the meaning of 29 U.S.C. § 203(g).

55.     As the Defendants shared control of the services of the Plaintiff and Reynolds Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

56.     At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

57.     At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

58.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

59.     Pursuant to NYLL Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

60.     Plaintiff and the Reynolds Collective were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff and the Reynolds Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

9

61.     Defendants required Plaintiff and the Reynolds Collective to work more than forty (40) hours a week, and Plaintiff and the Reynolds Collective regularly worked more than forty (40) hours a week throughout their employment.

62.     At no time have Defendants paid Plaintiff and the Reynolds Collective a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Reynolds Collective's hourly rate of pay for all of the hours Plaintiff and the Reynolds Collective worked in excess of forty (40) hours per week.

63.     Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Reynolds Collective for overtime at a rate of one and one-half times Plaintiff and the Reynolds Collective's hourly rate of pay for all of the hours Plaintiff and the Reynolds Collective worked in excess of forty (40) hours per week.

64.     As a result of Defendants' violations of the law and failures to pay Plaintiff and the Reynolds Collective required regular and overtime wages, Plaintiff and the Reynolds Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

65.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Reynolds Collective was in compliance with the law, Plaintiff and the Reynolds Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

66.     Members of the Reynolds Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime under the NYLL)*

67.     Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

68.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

69.     Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

70.     Plaintiff was entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

71.     Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout his employment.

72.     At no time have Defendants paid Plaintiff a rate of one and one-half times the minimum wage rate and/or Plaintiff's hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

73.     Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

74.     As a result of Defendants' violations of the law and failures to pay Plaintiff  the required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from

Case 2:21-cv-06880 Document 1 Filed 12/13/21 Page 12 of 16 PageID #: 12

Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

75.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Spread of Hours under the NYLL)*

76.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

77.     Pursuant to NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4, non-exempt employees are required to be paid one additional hour at the minimum wage rate for any shift in excess of ten (10) hours in a workday.

78.     Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

79.     Defendants required Plaintiff to work in excess of ten (10) hours in a workday, and Plaintiff regularly worked in excess of ten (10) hours in a workday.

80.     Defendants failed to pay Plaintiff the spread of hour wages to which he was entitled under NYLL.

81.     Defendants' failure to pay Plaintiff his lawfully due spread of hour wages was a willful violation of NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

82.     As a result of Defendants' violations of the law and failures to pay Plaintiff required spread of hour wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.4.

83.     As Defendants did not have a good faith basis to believe that their failure to pay spread of wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.


### AS AND FOR THE FOURTH CAUSE OF ACTION
*(Wage Statements NYLL § 195(3))*

84.     Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

85.     Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

86.     Defendants failed to furnish accurate wage statements to Plaintiff in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of his full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

87.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

13

88.     As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs and interest.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notification NYLL § 195(1))*

89.     Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

90.     NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

91.     Defendants failed to furnish such a statement to Plaintiff in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

92.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

93.     As Defendants failed to provide Plaintiff with proper a proper notice under NYLL 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

14

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated persons, seeks the following relief:

A. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Reynolds Collective. Such notice shall inform the Reynolds Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. On the First Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Second Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Third Cause of Action on behalf of Plaintiff against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fourth Cause of Action on behalf of Plaintiff against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

15

F.  On the Fifth Cause of Action on behalf of Plaintiff against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

G.  Such other and further relief as is just and proper.


Dated: Garden City, New York
      December 13, 2021

                Respectfully submitted,
                BELL LAW GROUP, PLLC


                By: */s/ Laura R. Reznick*
                Laura R. Reznick, Esq.
                *Attorneys for Plaintiff*
                100 Quentin Roosevelt Boulevard
                Suite 208
                Garden City, New York 11530
                (516) 280-3008
                lr@belllg.com