

**Bell Law Group, PLLC**

116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

December 5, 2023

*Via ECF*
The Honorable Nusrat J. Choudhury
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722

          **Re:** *Stryska v. Reynolds Towing and Marine Service, et al.*
          **Civil Docket No.: 21-cv-6880 (JLR)**

Dear Judge Choudhury:

    We represent Plaintiff, Thomas Stryska ("Plaintiff"), in the above-referenced matter. This letter is jointly submitted pursuant to the Fair Labor Standards Act (FLSA) and the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2nd Cir. 2015) for approval of the settlement agreement in this action and dismissal of this case with prejudice. In accordance therewith, annexed hereto as ***Exhibit "A"*** is a copy of the Settlement Agreement ("Agreement") and annexed hereto as ***Exhibit "B"*** is Plaintiff's Attorneys' Fees Affirmation and Billing Summary.

## I.    Introduction

    Plaintiff commenced this action on December 13, 2021, against Defendants Reynolds Towing and Marine Service, Inc. d/b/a Reynolds Towing Company and Marine Service and James Reynolds ("Defendants"), asserting claims under the FLSA and New York Labor Law ("NYLL") for allegations of unpaid overtime wages, and the failure to receive certain wage notices and statements. (Dckt. No. 1). Following an extensive investigation, exchange of discovery, arm's length negotiations between experienced counsel, and a mediation held with James Brown, Esq. on August 28, 2023, the Parties agreed, subject to Court approval, to resolve this action.

    Under the terms of the Agreement, a total settlement amount of $14,000.00 shall be provided. The settlement shall be apportioned $8,221.13 to Plaintiff and $5,778.87 to Plaintiff's Counsel for attorneys' fees and expenses ($4,666.67 for attorneys' fees and $1,112.20 for expenses). As set forth more fully herein, the settlement satisfies the criteria for approval of under

the FLSA, 29 U.S.C. §§ 201, *et seq.*, because it resolves a *bona fide* dispute, and is fair, reasonable, and adequate.

## II.     Bona Fides of the Dispute

### A. Plaintiff's Allegations

The following is a summary of Plaintiff's allegations. Plaintiff worked for Defendants as a dispatcher and maintenance worker at their marina located at 121 Maple Boulevard, Bay Shore, New York 11706, from April 9, 2016, through January 2020. (Compl., Dckt. No. 1, ¶ 15). Based upon records provided by Defendants in discovery, Plaintiff's work hours fluctuated and ranged from twenty (20) to sixty-five (65) hours per week. Plaintiff was paid a rate of $20.00 per hour and Plaintiff was paid this rate irrespective of the number of hours worked per week. (Id. at ¶ 20). Moreover, Plaintiff was not provided with wage statements that did not contain the number of hours worked per week or Plaintiff's hourly rate and Plaintiff was not provided with a notice at the time of hiring indicating Plaintiff's regular hourly rate of pay.

### B. Defendants' Defenses

Defendants deny Plaintiff's allegations in their entirety, dispute the number of hours worked claimed by Plaintiff and maintain that a potential recovery, if any, would be far lower than that claimed by Plaintiff. Defendants maintain that Plaintiff's hours fluctuated and that he regularly worked less than forty (40) hours in a week. Defendants have produced wage and hour records that show the fluctuation in the hours worked by Plaintiff on a weekly basis. These records also confirm that Plaintiff was paid, by check, at a straight time rate for all hours worked. Therefore, the dispute is limited to the overtime premium of Plaintiff's wages. Defendants also maintain that Plaintiff was not entitled to spread of hours pay as he was, at all times relevant, paid in excess of the minimum wage rate. Defendants also produced wage statements that were issued to Plaintiff with each payment of wages.

### C. Settlement

Given these factual and legal issues, and to avoid the risk and uncertainty of continued litigation and increasing expenses, the Parties agreed to resolve this matter for $14,000.00. Based upon Plaintiff's Counsel's analysis and computation from records received in discovery, it is estimated that should Plaintiff prevail on all issues at trial, Plaintiff's maximum recovery for his overtime claims is $8,387.50, plus liquidated damages, costs, interest and attorneys' fees. Thus, a settlement of $14,000.00 constitutes full payment of Plaintiff's alleged overtime claims and provides for attorneys' fees and costs.

## III.     Legal Principles

Pursuant to the Second Circuit's holding in Cheeks v. Freeport Pancake House, Inc., "dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." 796 F.3d 199, 206 (2nd Cir. 2015). In order to obtain such approval, the

parties must satisfy the Court that their agreement is "fair and reasonable." Velasquez v. Safi-G, Inc., 137 F.Supp.3d 582, 584 (S.D.N.Y 2015).

When evaluating the fairness of a settlement, there is "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Factors considered in determining the fairness of the settlement include without limitation the following: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The attached proposed updated Settlement Agreement warrants approval as it is fair, reasonable, and adequate. Indeed, the agreement reflects a reasonable compromise of Plaintiff's claims rather than a mere waiver of statutory rights brought about by Defendants' purported violations of the FLSA and NYLL. As discussed above, Plaintiff's maximum recovery should he prevail on all issues at trial is approximately $8,387.50, plus liquidated damages, costs, interest and attorneys' fees. Thus, a settlement of $14,000.00 constitutes full payment of Plaintiff's alleged overtime claims, as well as provides for attorneys' fees and costs.

Plaintiff is represented by experienced counsel and the settlement amount constitutes a substantial portion of what Plaintiff may be entitled to should Plaintiff prevail at trial. Likewise, Defendants are represented by experienced counsel well-versed in employment law and who presented strong legal defenses based upon the facts. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding a settlement reasonable. The Parties engaged in discovery efforts, mediation, and gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective positions. See, e.g., Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("[i]n considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.") (internal citations omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.") (internal citations omitted).

Approving the updated settlement of this matter now will avoid incurring the additional costs of litigation on both sides, and, as Plaintiff no longer associate with Defendants, coercion is unlikely. See, e.g., Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); Cisneros v. Schnipper Rest. LLC, 2014 U.S. Dist. LEXIS 2111, 2-3 (S.D.N.Y. Jan. 8, 2014) ("[a]lthough the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here.") (internal citation and quotation omitted); Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011

U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011); Brown v. Mustang Sally's Spirits & Grill, Inc., 2013 U.S. Dist. LEXIS 13482 (W.D.N.Y. Jan. 30, 2013).

Furthermore, no factors weigh against allowing the settlement to proceed as requested because: a) Plaintiff has not identified "the presence of other employees situated similarly to the claimant" or of some industry wide practices; b) Defendants explicitly deny any wrongdoing, and have no "history of FLSA non-compliance"; and c) continuing to develop the record will only serve to enlarge costs on both sides and not serve any useful purpose in light of Defendants' lack of a history of non-compliance and the lack of any identified industry wide practice. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

Lastly, the Parties agree that the agreed-to amount is a reasonable compromise of all Parties' positions and the proposed settlement regarding attorneys' fees is also fair and reasonable, as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiff. Indeed, Plaintiff's attorneys' fees are far in excess of the recovery herein and Counsel's agreement to resolve Plaintiff's attorneys' fees on a contingency basis rather than a separate fee application were made in a good faith effort to reach a resolution of the claims. See Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21,2013) (amount of fees "is of little consequence' when fees are consensual") (internal citation and quotation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013).

### IV.   Conclusion

As demonstrated above, the updated settlement is a result of negotiations and compromise by all Parties. The Parties believe the updated settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the attached Settlement Agreement.

Respectfully submitted,

/s/ *Matthew Madzelan*
Matthew Madzelan, Esq.